UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAMON DELMORE (#353524)**                     **CIVIL ACTION NO.**

**VERSUS**                                      **22-433-JWD-RLB**

**WARDEN AT EHCC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 3, 2024.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DAMON DELMORE (#353524)**  CIVIL ACTION NO.

**VERSUS**  22-433-JWD-RLB

**WARDEN AT EHCC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to the petitioner's application. *See* R. Docs. 7 and 8. There is no need for oral argument or for an evidentiary hearing.

On April 25, 2022, the *pro se* petitioner, an inmate confined at the Raymond Laborde Correctional Center, Cottonport, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2015 criminal conviction and 2016 sentence entered in the Twenty Third Judicial District Court for the Parish of Ascension, State of Louisiana, on one count of aggravated burglary and one count of unauthorized entry. The petitioner asserts that there was insufficient evidence to convict him, and the trial court failed to hold a competency hearing.

### Procedural History

On November 12, 2015, the petitioner was found guilty of aggravated burglary and unauthorized entry. On April 11, 2016, the petitioner was sentenced to 36 years imprisonment. The petitioner's conviction was affirmed by the Louisiana First Circuit Court of Appeal on June 2, 2017, and the Louisiana Supreme Court denied writs on March 2, 2018. *See State v. Delmore,* 16-1614 (La. App. 1 Cir. 6/2/17), 2017 WL 2399363 and *State ex. rel Delmore v. State*, 17-1304 (La. 3/2/18), 269 So.3d 706.

On October 17, 2019, the petitioner filed an application for post-conviction relief ("PCR"). The trial court denied the petitioner's PCR application on December 9, 2019. The petitioner sought further review which was denied by the Louisiana First Circuit Court of Appeal on January 14, 2021. *See State v. Delmore,* 20-1220 (La. App. 1 Cir. 1/4/21), 2021 WL 141224. The petitioner subsequently filed an application for a supervisory writ with the Louisiana Supreme Court, which was denied on April 27, 2021. *See State v. Delmore,* 21-281 (La. 4/27/21), 314 So.3d 828. Petitioner's subsequent application for reconsideration was not considered by the Louisiana Supreme Court. *See State v. Delmore*, 21-281 (La. 9/27/21), 423 So.3d 102. On April 25, 2022, the petitioner filed the present application; however, it was mailed to the wrong address. As such, the petition was not received by this Court until July 1, 2022.

## Applicable Law and Analysis

As set forth below, this Court concludes, as asserted by the State of Louisiana, that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period.

To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled during the time a petition for writ of certiorari is pending before the United States Supreme Court from denial of post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332-36 (2007).

**Timeliness**

In the instant case, the petitioner was sentenced on April 11, 2016. The petitioner's conviction was affirmed by the Louisiana First Circuit Court of Appeal on June 2, 2017, and the Louisiana Supreme Court denied writs on March 2, 2018. Because he did not seek review in the United States Supreme Court, his conviction became final 90 days later on May 31, 2018. *See* 28 U.S.C. § 2244(d)(1)(A); *Roberts v. Cockrell,* 319 F.3d 690, 693–95 (5th Cir. 2003). Thereafter, approximately 504 days elapsed before the petitioner filed his PCR application on October 17, 2019.

The trial court denied the petitioner's PCR application on December 9, 2019. The petitioner sought further review which was denied by the Louisiana First Circuit Court of Appeal on January 14, 2021. The petitioner subsequently filed an application for a supervisory writ with the Louisiana Supreme Court, which was denied on April 27, 2021. The decision regarding the

petitioner's application for reconsideration was rendered on September 27, 2021[1]. Approximately 210 days passed between the decision by the Louisiana Supreme Court on his application for rehearing and the filing of the instant petition on April 25, 2022[2].

Accordingly, inasmuch as the petitioner's conviction and sentence became final on May 31, 2018, the one-year limitations period for filing a federal habeas corpus application began to run on that date. Approximately 504 days passed between the time the petitioner's conviction became final and the filing of the petitioner's PCR application in the state trial court. Thereafter, 210 days elapsed between the decision of the petitioner's application for rehearing by the Louisiana Supreme Court and the filing of the instant petition. This resulted in 714 days of un-tolled time. Accordingly, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

## Statutory Tolling

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)—because there was a state-created impediment to timely filing—or that he is entitled to equitable tolling. To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that he was prevented from filing a petition by a state-created impediment in violation of the Constitution or federal law. *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003). The

---

[1] For purposes of this calculation, the Court assumes without deciding that the statute of limitations was tolled while this application was pending. Regardless of which date the Court uses, the petition was not timely filed.
[2] For purposes of this calculation the Court assumes without deciding that the mailbox rule is applicable. The petitioner mailed his petition to an extremely old address for the Court, and the petition was not received by this Court until July 1, 2022. Regardless of which date the Court uses, the petition was not timely filed.

petitioner has made no such showing in this case. Accordingly, there is no suggestion in the record that the petitioner is entitled to statutory tolling.

## Equitable Tolling

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D. Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible

diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The circumstances of this case are not "extraordinary" such that equitably tolling can be applied. The petitioner in the instant matter has demonstrated no such diligence and alacrity. Approximately 504 days passed between the time the petitioner's conviction became final and the filing of the petitioner's PCR application in the state trial court. Petitioner waited an additional 210 days after the Louisiana Supreme Court decided his application for rehearing would not be considered before filing the instant petition. As such, the petitioner did not diligently pursue his rights, nor was he prevented from doing so in some extraordinary manner. Accordingly, the petitioner's application should be denied as untimely.

## Certificate of Appealability

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case,

the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on July 3, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**